IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nicolette L. Johnson, | ) Civil Action No.: 6:14-541-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Nicolette L. Johnson ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On April 30, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence and free of legal error. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 38 at 26.) The plaintiff filed Objections on June 8, 2015 (ECF No. 43), and on June 25, 2015, the Commissioner filed a Reply (ECF No. 45). For the reasons stated below, the Court departs from the Report and Recommendation and grants the plaintiff's motion for remand (ECF No.20).

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part.

The plaintiff was 44 years old on the date of her alleged disability onset date, due to a severe congenital heart condition, permanent use of anti-coagulation medicine, permanent pacemaker implantation, chronic pain from degenerative disease of the cervical and lumbar spine, asthma, allergies, and hypertension. (R. at 150-52, 165, 216.) The plaintiff's current application was denied initially and on reconsideration.[1] (R. at 53, 66, 85-88, 90-91.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on September 24, 2012, finding *inter alia* that the plaintiff's impairments did not meet or equal any of the listed impairments. (R. at 27-42, 68-81.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on July 14, 2014. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision, and denying the plaintiff's motion for sentence six remand (ECF No. 20). (ECF No. 38 at 26.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under

---

[1] The plaintiff filed a prior application for disability insurance benefits ("DIB") in August 2008, alleging the same disability date, but withdrew her claim shortly before the administrative hearing because of difficulty in obtaining a written opinion from her treating cardiologist. (R. at 30-31, 165, 216). An order of dismissal was entered, on May 21, 2010 (R. at 152, 216). The plaintiff then filed the instant application, on June 17, 2011. (R. at 137.)

a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).

Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on June 8, 2015 (ECF No. 43), and the Commissioner filed a reply on June 25, 2015 (ECF No. 45). The plaintiff objects to the magistrate judge's recommendation concerning (1) the Appeals Council's alleged failure to consider new and material evidence; (2) the ALJ's alleged failure to properly consider the opinion of Dr. Christopher Nielsen;[2] (3) the ALJ's alleged failure to consider the combined effects of the plaintiff's impairments; and (4) the ALJ's alleged failure to consider periods of exacerbated symptomology. The Court will consider each specific objection in turn.[3]

The report and recommendation is extraordinarily thorough and well reasoned and consistent with the applied analysis the undersigned would expect. Notwithstanding, the

---

[2] Dr. Nielsen is not to be confused with Drs. Neilsen, Neilson, Nelson, Nielson, Wilson or any of his iterative versions found in the briefs and record.

[3] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Court believes that the matter should be remanded.

The plaintiff first contends that the Appeals Council erroneously refused to consider the second opinion of Dr. Christopher Nielsen, rendered after the decision of the ALJ. The plaintiff and the magistrate judge analyzed whether the new evidence satisfied the test for remand with respect to whether or not it would have had the tendency to change the outcome of the Commissioner's decision. *See Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985). The Court believes the proper view is slightly more straight forward.

The Fourth Circuit has held that section 404.970 of the Code of Federal Regulations sets forth a mandatory rule that the Appeals Council must consider new and material evidence relating to the period prior to the ALJ decision in determining whether to grant review. *See Wilkins v. Sec'y, Dept. H.H.S.*, 953 F.2d 93, 95 (4th Cir. 1991). The Appeals Council, here, declined to admit Dr. Nielsen's opinion into the administrative record on one basis: Dr. Nielsen's March 2013 opinion (dated almost six months after the September 24, 2012 ALJ decision) was "about a later time" and that it therefore "does not affect the decision about whether you [Johnson] were disabled beginning on or before September 24, 2012." (R. at 2.) That reason, however, is inaccurate. Counsel for the plaintiff posed the following written interrogatories to Dr. Nielsen:

> 2. In your opinion, has the patient been able to sustain the physical demands of full-time work (i.e., 8 hours per day, 5 days per week) at any level of exertion, including sedentary **since August 2008?** Attached is a description of the exertional requirements of work.
>
> 3. **Since August 2008**, would you expect this patient to experience work absences at the rate of 2 per month or more due to episodes of increased symptoms and/or medical treatment during working hours, based on your knowledge of her medical history and the nature of her impairment? Please explain.

(Pl. Ex. 1 (emphasis added).)

-5-

Dr. Nielsen responded as follows:

> Due to the above cardiac diagnoses and NYHA classification, it is unlikely that she would be able to tolerate the physical demands of full-time work. This includes any type of work, including sedentary. She is unable to stand/walk for extended periods of time and she is unable to lift/carry anything over 8-10 lbs. She experiences cardiac symptoms almost daily even though she leads a sedentary lifestyle.
>
> Given her daily symptoms of shortness of breath with moderate exertion, as well as daily chest pains that occur at rest and exertion that require nitroglycerin for relief which then leads to severe headaches, it is very likely that she will be out of work two or more times per month.
>
> These conditions are not likely to improve, and may in fact worsen over time. It is highly unlikely that her cardiovascular status is going to improve, and unlikely that her functioning is going to improve enough that she will be able to return to work under any conditions.

(Motion for Sent. Six Remand, Exhibit 1).

The interrogatories were expressly worded to request information that was related to the relevant time frame. Notwithstanding their verb tense, Dr. Nielsen's answers do not preclude and should be viewed as pertaining to the plaintiff's condition as of August 2008, as expressly prompted by the interrogatory. It cannot be said that they simply do not relate to a period of time prior to September 24, 2012, when they are responsive to a question concerning that precise time frame.

As the magistrate judge recognized, "The Appeals Council must consider evidence submitted with a request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins v. Secretary of Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). This is a non-discretionary obligation under 20 C.F.R. §§ 404.970(b), 404.976(b)(1). *See id.*

The magistrate judge made a reasonable consideration of the materiality of the evidence, even where the undersigned might depart some.  But, the Court finds, in this case, that it need not go so far.  The Council did not reject the evidence as immaterial – ineffective to change the outcome.  Albeit a kind of materiality, the Council said it was not related to the relevant period without any comment as to how the evidence actually reflects on the plaintiff's impairments.  Although relevance and materiality are related, they are clearly separate requirements or else they would not be emphasized by the Fourth Circuit as distinct.  The Court does not mean to make a hyper-technical determination, but it seems somewhat out of order to now conclude immateriality when it is possible that judicial review would never have been implicated if the evidence had properly been viewed as time relevant, in the first instance.  The Court would always prefer to leave the actual substantive adjudication of the quality and the meaning of the evidence to the Commissioner and Council.  Because it appears that there is a mistake in the fundamental reason for declining to consider the evidence, the Court would remand for additional consideration.  Such consideration may include follow up related to the intent of Dr. Nielsen to opine about the relevant time period, if the Council is in some doubt.  But, the assumption that it simply does not on its face, in the context of the specific questions posed, seems error.

    By its very purpose, Dr. Nielsen's interrogatory answers were solicited to reinform and clarify his original opinion, rendered in 2012 (R. at 649).  Accordingly, a reconsideration of that 2012 opinion, in light of the second, will be necessary.  The Court, therefore, need not resolve any additional objections concerning the ALJ's consideration of that earlier opinion or other errors with respect to the residual functional capacity determination, which turn on such medical opinions.

## CONCLUSION

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court departs from the recommendation of the magistrate judge and, therefore, only adopts the Report and Recommendation and incorporates it herein by reference to the extent it is not inconsistent with this order. The plaintiff's motion for remand (ECF No.20) is GRANTED and the case is hereby remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further consideration as discussed above.

IT IS SO ORDERED.

                                            s/Bruce Howe Hendricks
                                            United States District Judge

September 23, 2015
Greenville, South Carolina